**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Criminal Action No. 3:12-cr-00420-M |
| | § | |
| THERESA PORTILLO, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Government's Motion to Dismiss the Petition Claiming Interest in Forfeited Property filed by Gabriella A. Portillo, Amanda M. Portillo, and Francisco Javier Portillo, III (collectively "Claimants") [Docket Entry #48].  For the reasons set forth below, the Court **GRANTS** the Government's Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Defendant Theresa Portillo's guilty plea to violating 18 U.S.C. § 657, Embezzlement of Funds from a Credit Institution.  As part of the plea agreement, Portillo voluntarily surrendered for forfeiture to the Government her interest in $3,421,000 in criminal proceeds and various parcels of real property [Docket Entry Nos. 3, 8].  On March 20, 2013, this Court entered a Preliminary Order of Forfeiture, forfeiting all right, title, and interest Defendant had in the aforementioned criminal proceeds and real property [Docket Entry #21].   The Government provided general notice of the forfeiture through a posting on an official government website (www.forfeiture.gov), and sent a copy of the Preliminary Order to Claimants [Docket Entry Nos. 33, 39].  Both notices informed potential claimants of their right

to file a claim to any property that was being forfeited, pursuant to 21 U.S.C. § 853(n). *Pl.'s Mot. to Dismiss* at 2.

On May 21, 2013, Claimants filed an unsworn petition alleging their interest in two real properties: 912 Moreland Avenue, Dallas, Texas, and 430 L Thompson Street, Cedar Hill, Texas [Docket Entry #46]. Claimants admit that they "have [no] monetary interest" in either property, but allege that they have a "personal interest" in the two properties. *Claimants' Pet.* at 1. The Government contends that their petition should be dismissed for failure to follow the statutory requirement that petitions must be signed under penalty of perjury, and because they lack standing and fail to state a claim. *Pl.'s Mot. to Dismiss* at 4.

## II.    ANALYSIS

A third party asserting an interest in property subject to forfeiture must, within thirty days of receiving notice of the forfeiture, file a petition to determine the validity of the alleged interest. 21 U.S.C. § 853(n). The petition must "be signed by the petitioner under penalty of perjury" and "set forth the nature and the extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The court may dismiss a petition on a motion for lack of standing or failure to state a claim. Fed. R. Crim. P. 32.2(c)(1)(A).

In an attempt to discourage false or frivolous claims, courts have strictly construed the statutory requirements for contesting forfeiture. *U.S. v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) (dismissing a petition that was not signed under penalty of perjury); *U.S. v. Commodity Account No. 54954930*, 219 F.3d 595, 597 (7th Cir. 2000) (stating that verification requires a claimant to place himself at risk of perjury, and that the

verification requirement is not a mere technical requirement to be easily excused).  The notice of forfeiture, provided by the Government to Claimants, clearly informed them that any petition must be signed under penalty of perjury.  *See Process Receipt and Return* at 2, 28.  It is undisputed that Claimants failed to follow the requirements of Section 853.  While this failure alone could be sufficient for the court to dismiss their claim, even if Claimants had signed the petition under penalty of perjury, Claimants still would not have standing to contest the forfeiture and do not state a claim.  A third party seeking to challenge the government's forfeiture of property must demonstrate a legal or equitable interest in the seized property sufficient to satisfy the court that the claimant has standing to contest the forfeiture.  *U.S. v. 1977 Porsche Carrera 911 VIN 9117201924, License No. 459 DWR*, 946 F.2d 30, 33 (5th Cir. 1991).  To establish standing, Claimants bear the burden of demonstrating a "facially colorable interest in the proceeds sufficient to satisfy the case-or-controversy requirement."  *U.S. v. $321,470.00 United States Currency*, 874 F.2d 298, 302 (5th Cir. 1989).

Claimants admit that they have no financial interest in the properties, but claim a "personal interest" in the property based upon the fact that they "helped take care of the [912 Moreland] house over the years" and "worked hard to make th[e] [430 L Thompson] house a home."  *Claimants' Pet.* at 1–2.  The work and care provided by Claimants included: painting walls, replacing flooring, hanging lights, and mowing the yard.  *Id.* at 1.  Claimants also state that they lived at the 912 Moreland Avenue property for many years, and that Claimants' children had lived at 430 L Thompson.  *Id.* at 2.  While these ties arguably establish an emotional interest in the properties, they do not confer upon Claimants a legal interest in the properties.

In *U.S. v. Wheaton*, the district court held that a claimant's use of personal funds to improve the property made the claimant an unsecured creditor, which was insufficient to

establish standing to contest forfeiture.  2005 WL 2429792, at *5–6 (D. Me. Sept. 28, 2005). Similar to the claimants in *Wheaton*, Claimants in this case have no legal or equitable interest in the properties.  The Court, therefore, concludes that Claimants lack standing and fail to state a claim upon which relief can be granted.

For all of these reasons, the Government's Motion is **GRANTED**, and Claimants' Petition is **DISMISSED.**

**SO ORDERED**.

Date: July 9, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**